1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NETAFIM IRRIGATION, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>JAIN IRRIGATION, INC.,<br>JAIN DISTRIBUTION HOLDINGS, INC.,<br>IRRIGATION DESIGN &<br>CONSTRUCTION, LLC, and<br>AGRI-VALLEY IRRIGATION, LLC,<br><br>        Defendants. | Case No. 1:21-cv-00540-AWI-EPG<br>District Judge Anthony W. Ishii<br>Mag. Judge Erica P. Grosjean<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Trial Date:  Not Set<br>Complaint Filed: March 29, 2021<br>Amended Complaint Filed:  January 13, 2022 |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:21-cv-00540-AWI-EPG

1   1.      PURPOSES AND LIMITATIONS

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6   Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket

7   protections on all disclosures or responses to discovery and that the protection it affords from

8   public disclosure and use extends only to the limited information or items that are entitled to

9   confidential treatment under this Order in accordance with applicable legal principles. The parties

10  further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does

11  not entitle them to file confidential information under seal; Local Rule 141 sets forth the

12  procedures that must be followed and the standards that will be applied when a party seeks

13  permission from the court to file material under seal.

14         Pursuant to Local Rule 141.1(c)(1), the types of information eligible for protection in this

15  action include pricing, customer and other confidential financial information; business information

16  such as strategic plans, sales and marketing plans, and product roadmaps; research and

17  development plans and technical information about products; and other proprietary and

18  confidential information. This information is unavailable to the public, and it is the type of

19  information that the parties use to make competitive business decisions.

20         Pursuant to Local Rule 141.1(c)(2), there is a need to protect this type of evidence from

21  disclosure to the public and to the parties themselves and to limit the use that each party can make

22  of this information. The parties to this case compete with each other and various non-parties. A

23  party's confidential, competitively sensitive, and proprietary information could be abused by

24  other parties or non-parties if its use were not so limited. In addition, non-parties may produce

25  information in this case and are likely to have similar confidentiality concerns and needs to protect

26  the material that they produce from disclosure to the public or to the parties themselves.

27         Pursuant to Local Rule 141.1(c)(3), the parties seek a protective order as opposed to

28  entering into a private agreement because the information at issue might be presented to the Court

1   in motion practice or to the Court or a jury at trial and thus implicates the general presumption that

2   information provided to the Court should be made public. The Order provides mechanisms for

3   handling evidence and resolving disputes that involve the Court. The information at issue will also

4   likely involve not only the parties' information, but also non-parties' information. The Order

5   provides mechanisms for non-parties to avail themselves of similar protections in an efficient

6   manner. Therefore, to expedite the flow of information, to protect information the parties and non-

7   parties are entitled to keep confidential, to facilitate the prompt resolution of disputes, to ensure

8   that the parties are permitted reasonable necessary use of such material in preparation for and in

9   the conduct of trial, to address the handling of such materials at the end of the litigation, and to

10   serve the ends of justice, there is good cause for a protective order for such materials.

11   2.     DEFINITIONS

12       2.1    Challenging Party: A Party or Non-Party that challenges the designation of

13   information or items under this Order.

14       2.2    "CONFIDENTIAL" Information or Items: Information, regardless of how it is

15   generated, stored, or maintained, or tangible things that qualify for protection under Federal Rule

16   of Civil Procedure 26(c).

17       2.3    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as

18   their employees and support staff).

19       2.4    Designating Party: A Party or Non-Party that designates information or items that it

20   produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

21   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

22       2.5    Disclosure or Discovery Material: All items or information, regardless of how they

23   are generated, stored, or maintained, including, among other things, testimony, transcripts, and

24   tangible things, that are produced or generated in disclosures or responses to discovery in this

25   matter.

26       2.6    Expert: A person, as well as such person's employees and support staff, who has

27   specialized knowledge or experience in a matter pertinent to the litigation and who is expressly

28

1 retained by a Party, or such Party's counsel, for the sole purpose of providing expert consultation

2 or testimony in this action.

3       2.7     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

4 Information or Items: Highly sensitive "Confidential Information or Items," disclosure of which to

5 another Party or its In-House Counsel would create a substantial risk of serious harm that could

6 not be avoided by less restrictive means.

7       2.8     In-House Counsel: Attorneys who are employees of a Party to this action. House

8 Counsel does not include Outside Counsel or any other outside counsel.

9       2.9     Non-Party: Any natural person, partnership, corporation, association, or other legal

10 entity not named as a Party to this action.

11       2.10    Outside Counsel: Attorneys who are not employees of a Party to this action but are

12 retained to represent or advise a Party to this action and have appeared in this action or the

13 California state court action *Jain Irrigation, Inc. v. Netafim Irrigation, Inc.*, No. 37-2019-

14 00035433-CUT-AT-CTL on behalf of that Party or are affiliated with a law firm that has appeared

15 on behalf of that Party, as well as such attorneys' support staffs.

16       2.11    Party: Any party to this action, including all of its officers, directors, and

17 employees.

18       2.12    Producing Party: A Party or Non-Party that produces Disclosure or Discovery

19 Material in this action.

20       2.13    Professional Vendors: Persons or entities retained by a Party to provide

21 investigative or litigation support services (e.g., researching, photocopying, videotaping,

22 translating, preparing exhibits or demonstrations, and identifying, collecting, organizing, storing,

23 or retrieving information and data in any form or medium) and their employees and

24 subcontractors.

25       2.14    Protected Material: any Disclosure or Discovery Material that is designated as

26 "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

27 ONLY."

28

2.15    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those

1 | parts of materials, documents, items, or oral or written communications that qualify—so that other

2 | portions of the materials, documents, items, or communications for which protection is not

3 | warranted are not swept unjustifiably within the ambit of this Order.

4 |       If it comes to a Designating Party's attention that information or items that it designated

5 | for protection do not qualify for protection at all or do not qualify for the level of protection

6 | initially asserted, that Designating Party must promptly notify all other Parties that it is

7 | withdrawing the mistaken designation.

8 |       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

9 | (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

10 | Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

11 | designated before the material is disclosed or produced.

12 |       Designation in conformity with this Order requires:

13 |       (a) for information in documentary form (e.g., paper or electronically stored information

14 | ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), that the

15 | Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16 | OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains protected material and also,

17 | for ESI, in the metadata field assigned to indicate the confidentiality designation.

18 |       A Party or Non-Party that makes original documents or materials available for inspection

19 | need not designate them for protection until after the inspecting Party has indicated which material

20 | it would like copied and produced. During the inspection and before the designation, all of the

21 | material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

22 | ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

23 | copied and produced, the Producing Party must determine which documents, or portions thereof,

24 | qualify for protection under this Order. Then, before producing the specified documents, the

25 | Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

26 | CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as set forth in the preceding

27 | paragraph.

28 |

1    (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

2  Designating Party identify, either verbally on the record or in a writing served on all Parties and

3  the court reporter within 45 days after the close of the deposition, hearing, or other proceeding, all

4  protected testimony and specify the level of protection being asserted. Only those portions of the

5  testimony that are appropriately designated for protection shall be covered by the provisions of

6  this Order.

7    Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or

8  other proceeding to include Protected Material so that the other Parties can ensure that only

9  authorized individuals are present at those proceedings. The use of a document as an exhibit at a

10  deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

12    Transcripts containing Protected Material shall have an obvious legend on the title page

13  that the transcript contains Protected Material, and the title page shall be followed by a list of all

14  pages (including line numbers as appropriate) that have been designated as Protected Material and

15  the level of protection being asserted by the Designating Party. The Designating Party shall inform

16  the court reporter of these requirements. Any transcript that is prepared before the expiration of the

17  45-day period for designation shall be treated during that period as if it had been designated

18  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless

19  otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually

20  designated.

21    (c) for all other information or tangible items, that the Producing Party affix in a prominent

22  place on the exterior of the container or containers in which the information or item is stored the

23  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

24  ONLY."  If only a portion or portions of the information or item warrant protection, the Producing

25  Party, to the extent practicable, shall identify the protected portion(s) and specify the level of

26  protection being asserted.

27    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

28  designate qualified information or items does not, standing alone, waive the Designating Party's

1  right to secure protection under this Order for such material. Upon timely correction of a

2  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

3  in accordance with the provisions of this Order. Following a correction of a designation, the

4  Producing Party shall provide re-labeled copies of the information or items to each Receiving

5  Party reflecting the change in designation.

6  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7       6.1      Timing of Challenges. Any Party may challenge a designation of confidentiality at

8  any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

9  necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

10  significant disruption or delay of the litigation, a Party does not waive its right to challenge a

11  confidentiality designation by electing not to mount a challenge promptly after the original

12  designation is disclosed.

13       6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution

14  process by providing written notice of each designation it is challenging and describing the basis

15  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

16  notice must recite that the challenge to confidentiality is being made in accordance with this

17  specific paragraph of the Protective Order, and must individually identify each challenged

18  designation within a given document or witness's testimony. The parties shall attempt to resolve

19  each challenge in good faith and must begin the process by conferring directly (in voice-to-voice

20  dialogue; other forms of communication are not sufficient) within 14 days of the date of service of

21  notice of the designation challenge. In conferring, the Challenging Party must explain the basis for

22  its belief that the confidentiality designation was not proper and must give the Designating Party

23  an opportunity to review the designated material, to reconsider the circumstances, and, if no

24  change in designation is offered, to explain the basis for the chosen designation. A Challenging

25  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

26  and confer process first or establishes that the Designating Party is unwilling to participate in the

27  meet and confer process in a timely manner.

28

1    6.3    Judicial Intervention. If the Challenging and Designating Parties cannot resolve a

2  challenge without court intervention, either the Challenging Party or the Designating Party may

3  seek an informal discovery dispute conference with the Court pursuant to Item 2 of Judge

4  Grosjean's Standard Procedures. The Challenging and Designating Parties shall work together in

5  good faith to propose times for such conference. If any dispute remains after such informal

6  conference, either the Challenging Party or the Designating Party may, with leave of the Court,

7  file a formal motion regarding the disputed designations.

8    The burden of persuasion in any such challenge proceeding shall be on the Designating

9  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

10  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

11  sanctions. All parties shall continue to afford the material in question the level of protection to

12  which it is entitled under the Producing Party's designation until the challenge is resolved.

13  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

14    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

15  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

16  defending, or attempting to settle this litigation, including any related appellate proceeding. Such

17  Protected Material may be disclosed only to the categories of persons and under the conditions

18  described in this Order. When the litigation reaches a final disposition as defined in Section 4

19  above, a Receiving Party must comply with the provisions of Section 13 below.

20    Protected Material must be stored, maintained, and transmitted (to the extent allowed

21  under this Order) by a Receiving Party at a location and in a secure manner that ensures that

22  access is limited to the persons authorized under this Order.

23    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

24  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

25  information or item designated "CONFIDENTIAL" only to:

26    (a) the Receiving Party's Outside Counsel in this action, as well as employees of said

27  Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

28

1    (b) the officers, directors, and employees (including In-House Counsel) of the Receiving

2  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

3  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (c) Experts (as defined in this Order) of the Receiving Party, as well as employees and

5  support staff of said Experts, to whom disclosure is reasonably necessary for this litigation and

6  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7    (d) the Court and its personnel, court reporters and their staff, and any arbitrators or

8  mediators in this action;

9    (e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom

10  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

11  and Agreement to Be Bound" (Exhibit A);

12    (f) during their testimony or in preparation for their testimony, witnesses in the action and

13  their counsel to whom disclosure is reasonably necessary and who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Receiving Parties give

15  reasonable notice to the Designating Party of their intent to provide a witness with Protected

16  Material pursuant to this section, and the Designating Party does not object within two business

17  days of being provided such notice to such disclosure, or as otherwise ordered by the Court.. Such

18  disclosure may only occur for the purpose of assisting the preparation or examination of the

19  witness. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

20  Material must be separately bound by the court reporter and may not be disclosed to anyone

21  except as permitted under this Stipulated Protective Order; and

22    (g) the Designating Party or its employees, the author or recipient of a document

23  containing the information, or a custodian or other person who otherwise possessed or knew the

24  information.

25    7.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

26  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

27  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

28  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

1  (a) the Receiving Party's Outside Counsel in this action, as well as employees of said

2  Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

3  (b) Experts (as defined in this Order) of the Receiving Party, as well as employees and

4  support staff of said Experts, to whom disclosure is reasonably necessary for this litigation and

5  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6  (c) the Court and its personnel, court reporters and their staff, and any arbitrators or

7  mediators in this action;

8  (d) professional jury or trial consultants, mock jurors, and Professional Vendors to whom

9  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

10  and Agreement to Be Bound" (Exhibit A); and

11  (e) the Designating Party or its employees, the author or recipient of a document

12  containing the information, or a custodian or other person who otherwise possessed or knew the

13  information.

14  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

15          LITIGATION

16  If a Party is served with a subpoena or a court order issued in other litigation that compels

17  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that Party must:

19  (a) promptly notify in writing the Designating Party. Such notification shall include a copy

20  of the subpoena or court order;

21  (b) promptly notify in writing the party who caused the subpoena or order to issue in the

22  other litigation that some or all of the material covered by the subpoena or order is subject to this

23  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

24  (c) not take any position adverse to the Designating Party's in any reasonable procedure

25  sought by the Designating Party whose Protected Material may be affected. If the Designating

26  Party timely seeks a protective order, the Party served with the subpoena or court order shall not

27  produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY

28  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the

1  court from which the subpoena or order issued, unless the Party has obtained the Designating

2  Party's permission. The Designating Party shall bear the burden and expense of seeking protection

3  in that court of its confidential material—and nothing in these provisions should be construed as

4  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

5  another court.

6  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

7          LITIGATION

8          The terms of this Order are applicable to information produced by a Non-Party in this

9  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

10  ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

11  this litigation is protected by the remedies and relief provided by this Order. Nothing in these

12  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13  10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15  Material to any person or in any circumstance not authorized under this Stipulated Protective

16  Order, the Receiving Party must promptly (a) notify the Designating Party in writing of the

17  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

18  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

19  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

20  Agreement to Be Bound" that is attached hereto as Exhibit A.

21  11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

22          MATERIAL

23          11.1    Nothing in this Order shall be construed to require the disclosure of information,

24  documents, or other tangible things that are protected from disclosure by the attorney-client

25  privilege, the attorney-work-product doctrine, or any other applicable privilege or immunity. A

26  Producing Party may produce a redacted version of information, documents, or things that it

27  contends are protected from disclosure by the attorney-client privilege, the attorney-work-product

28  doctrine, or any other identified, applicable privilege or immunity, identifying where the

1   privileged or immune material was redacted with the designation "Redacted-Privileged." In the

2   event that a Producing Party inadvertently or mistakenly produces information, documents or

3   tangible things that are protected from disclosure under the attorney-client privilege, the

4   attorney-work-product doctrine, or any other identified, applicable privilege or immunity, such

5   production shall not prejudice such claim or otherwise constitute a waiver of any claim of

6   attorney-client privilege, attorney-work-product doctrine, or other identified, applicable privilege

7   or immunity.

8          11.2     A Producing Party may promptly (from the time when the Producing Party

9   discovers that it has inadvertently or mistakenly produced such information) notify all Receiving

10   Parties of the inadvertent production in writing and request that the inadvertently produced

11   information, documents, or tangible things be returned to the Producing Party. Within 3 business

12   days of receiving such notice and request, the Receiving Party shall return or destroy the

13   inadvertently or mistakenly produced information, documents, or tangible things identified by the

14   Producing Party. The Receiving Party shall not further disseminate the material or make use of the

15   information contained therein other than to challenge the Producing Party's assertion of privilege

16   as described below.

17          11.3     A Receiving Party wishing to challenge a Producing Party's claim of privilege or

18   other protection may seek an informal discovery dispute conference with the Court pursuant to

19   Item 2 of Judge Grosjean's Standard Procedures. The Receiving and Producing Parties shall work

20   together in good faith to propose times for such conference. The burden of showing that the

21   material is subject to protection and that its production was inadvertent shall be determined under

22   applicable law, including Federal Rule of Evidence 502, provided, however, that the Parties agree

23   that (1) absent exceptional circumstances, a statement by a Producing Party that the material was

24   produced inadvertently shall be dispositive; (2) they are all taking reasonable steps to prevent

25   disclosure of protected material; and (3) a Producing Party shall be deemed to have taken prompt

26   steps to rectify inadvertent production of protected material if it notifies the Receiving Party

27   within 14 calendar days of learning of the inadvertent production.   Subject to the Court's

28   discretion, resolution of the issue may include the Court's in camera review of the potentially

1    protected material. Pending resolution of the issue, the Receiving Party shall sequester the

2    material, and if the assertion of protection is upheld, must provide the Producing Party with

3    written confirmation it has returned or destroyed the material within 3 business days of the Court's

4    determination.

5    12.    MISCELLANEOUS

6        12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

7    seek its modification by the Court in the future, or to seek the entry of such supplemental orders as

8    may be necessary to implement the intention of this Order.

9        12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Party

10   waives any right it otherwise would have to object to disclosing or producing any information or

11   item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

12   any ground to use in evidence of any of the material covered by this Order.

13       12.3    Filing Protected Material. Without written permission from the Designating Party

14   or a court order secured after appropriate notice to all interested persons, a Party may not file in

15   the public record in this action any Protected Material. A Party that seeks to file under seal any

16   Protected Material must comply with Local Rule 141. Protected Material may only be filed under

17   seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

18   Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the

19   Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

20   protection under the law. If a Receiving Party's request to file Protected Material under seal

21   pursuant to Local Rule 141 is denied by the Court, then the Receiving Party may file the Protected

22   Material in the public record unless otherwise instructed by the Court.

23   13.    FINAL DISPOSITION

24       Within 60 days after the final disposition of this action, as defined in Section 4,

25   each Receiving Party must return all Protected Material to the Producing Party or destroy such

26   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

27   compilations, summaries, and any other format reproducing or capturing any of the Protected

28   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

1   submit a written certification to the Producing Party (and, if not the same person or entity, to the

2   Designating Party) by the 60-day deadline that (a) identifies (by category, where appropriate) all

3   the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has

4   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

5   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

6   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts

7   and exhibits, legal memoranda, correspondence, expert reports, attorney work product, and

8   consultant and expert work product, even if such materials contain Protected Material. Any such

9   archival copies that contain or constitute Protected Material remain subject to this Order as set

10   forth in Section 4.

11

12          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14

Dated:  July 11, 2022

15

16                                      Respectfully submitted,

17                                      SHEPPARD MULLIN RICHTER & HAMPTON, LLP

18

19                          By        */s/ Michael W. Scarborough*
                                       MICHAEL W. SCARBOROUGH
20                                     DYLAN I. BALLARD
                                       HELEN ECKERT
21                                     JOY O. SIU

22                                     Attorneys for Defendants
                                       JAIN IRRIGATION, INC.
23                                     JAIN DISTRIBUTION HOLDINGS, INC.,
                                       AGRI-VALLEY IRRIGATION, LLC, and
24                                     IRRIGATION DESIGN & CONSTRUCTION, LLC

25

26

27

28

SMRH:4865-2882-5383.1                          STIPULATION AND PROTECTIVE ORDER

1    Dated:  July 11, 2022

2                                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                               BEST BEST & KRIEGER LLP

3

4

5                      By                */s/ Kenneth S. Reinker*
                                   KENNETH S. REINKER (pro hac vice)

6                                    GABRIEL J. LAZARUS (pro hac vice)
                            CLEARY GOTTLIEB STEEN & HAMILTON LLP

7

8                                    KENDALL H. MACVEY
                                   GREGG W. KETTLES

9                                    WENDY Y. WANG
                                   BEST BEST & KRIEGER LLP

10

11                                    Attorneys for Plaintiff
                                   NETAFIM IRRIGATION, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare and say that I have read in its entirety and understand the

5

Stipulation and Protective Order ("Order") that was issued by the United States District Court for

6

the Eastern District of California on [date] in the case of *Netafim Irrigation, Inc. v. Jain Irrigation,*

7

*Inc. et al.,* Case No. 1:21-cv-00540-AWI-EPG. I agree to comply with and to be bound by all the

8

terms of the Order and I understand and acknowledge that failure to so comply could expose me to

9

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

10

any manner any information or item that is subject to the Order to any person or entity except in

11

strict compliance with the provisions of the Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Eastern District of California for the purpose of enforcing the terms of the Order, even if such

14

enforcement proceedings occur after termination of this action.

15

I declare under penalty of perjury that the foregoing is true and correct.

16

17

18

Date: _____

19

City and State where sworn and signed: _____

20

21

Printed name: _____

22

[printed name]

23

24

Signature: _____

25

[signature]

26

27

28

Case No. 1:21-cv-00540-AWI-EPG

STIPULATION AND PROTECTIVE ORDER

1

**ORDER**

2

      Pursuant to the stipulation of the parties (ECF No. 42), and as set forth above, the parties'

3

Stipulated Protective Order is hereby approved.

4

5

IT IS SO ORDERED.

6

7

   Dated:   **July 14, 2022**              /s/ _Erica P. Grosjean_

                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28